**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JEREMY CARLSTROM,

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC, HIGHER
EDUCATION LOAN AUTHORITY
OF THE STATE OF MISSOURI,

      Defendants.

Case No. 25-cv-04313 (LMP/JFD)

**AMENDED ORDER FOR**
**SETTLEMENT CONFERENCE**

---

Magistrate Judge John F. Docherty will hold a settlement conference on **August 11, 2026, at 9:00 AM by Zoom video conference**. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference. A Zoom invite will be emailed to counsel.

### 1. WHO MUST ATTEND

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied.

Attendees at the settlement conference must negotiate in good faith. Refusing to negotiate at all, taking extreme negotiating positions that the party taking the position knows will cause a breakdown in negotiations, or concealing material facts

from the Magistrate Judge are three examples, among many possibilities, of parties not negotiating in good faith. Refusing to negotiate in good faith is sanctionable at the Court's discretion. *See* Fed. R. Civ. P. 16(f). If a party is aware of a serious impediment to settlement, that must be discussed with the Court at the status conference described below rather than being announced for the first time at the settlement conference. The parties are reminded that Local Rule 16.5(b) mandates a settlement conference with a magistrate judge in all civil cases in this district, except in a limited number of proceedings listed in Fed. R. Civ. P. 26(a)(1)(B) or where the parties have made arrangements for a private mediation.

### a.  Private Parties

 If individuals are parties to this case, they must be present in person. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present in person. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

### b.  Governmental Agencies

Settlements of litigation involving governmental bodies frequently must be formally approved by elected officials such as a county board or city council, or by senior members of a governmental agency. The requirement that negotiators have full settlement authority is slightly modified in a case involving a government agency, in that government negotiators must come to a settlement conference with authority to affirmatively recommend that final decision-makers adopt a settlement agreed to at a

settlement conference and must go on the record in court saying so.

### 2.    PREPARATIONS FOR THE SETTLEMENT CONFERENCE

#### a.    Meetings Ahead of the Settlement Conference

Counsel must also speak directly with one another, either by telephone or in person, on or before **July 28, 2026,** to engage in a full and frank discussion of settlement. Prior to or during this meeting, the parties must exchange at least one round of a demand from the plaintiff and a specific offer from the defendant or defendants. This round of negotiations must not simply be a restatement of previous settlement positions, but must include the exchange of a new round of settlement proposals.

#### b.    Confidential Letters to the Court

If the case does not settle prior to the settlement conference, counsel for each party shall email the Court on or before **August 4, 2026** a confidential letter of not more than ten (10) pages setting forth:

(1) the parties' respective settlement positions before the meeting;

(2) the parties' respective positions following the meeting;

(3) a concise analysis of any remaining significant legal issues, including those affecting liability, with citation to relevant authority;

(4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations;

(5) a candid analysis of the strengths and weaknesses of their client's case;

(6) the name and position of the person who will attend the settlement conference with full authority to settle the case; and

(7) any additional information that will assist the parties in reaching agreement.

In general, **exhibits to the letters will not be accepted**. These letters are for the Court's use only and should not be served on opposing counsel. Counsel should email their confidential settlement letters to chambers at docherty_chambers@mnd.uscourts.gov.

### 3.    FAILURE TO COMPLY

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference or imposition of an appropriate sanction on the party, company, or attorney who failed to comply, or both.


Date: June 18, 2026                              *s/ John F. Docherty*
                                                 JOHN F. DOCHERTY
                                                 United States Magistrate Judge

4